CALLOWAY, J.,[1]
agreeing in part and dissenting in part.
Iil agree the trial court correctly overruled the peremptory exception raising the objection of no right of action. I agree with the trial court that the Board of the incorporated owner’s association for Three Rivers Commons is the proper party to seek relief in this matter.
As to the competing requests for injunc-tive relief, which raise the issues of whether any servitude exists on the island in favor of the TRI owners, and whether the welded-shut gate obstructs such a servitude, I disagree with reversing and dissolving the injunction that prevents the TRI owners from attempting to open the welded-shut gate. I do not find that the TRI owners proved the existence of an “all-purpose” predial servitude of access or passage in favor of the properties on the island. Based on my review of the record, there is only one servitude — a fifty-foot utility servitude, which does not allow the TRI owners access to this property for “all purposes.” I believe the TRI owners should be prevented from attempting to open the welded-shut gate on the basis of an “all-purpose” servitude. Thus, I disagree with the per curiam opinion to the extent it recognizes the all-purpose servitude and partially reverses the trial court’s judgment dissolving the prohibitory injunction.
|2I agree with affirming the denial of the request for a mandatory injunction ordering the opening of the welded-shut gate. I do note, however, that any structure preventing access to the fifty-foot utility servitude — such as a welded-shut gate — interferes with the purpose for which the utility *785 servitude was granted and, in my opinion, is prohibited by the language of the servitude. However, the TRI owners are not entitled to access or passage through the property based on the premise that an “all-purpose” predial servitude exists in their favor. Therefore, I agree with the per curiam opinion to the extent it affirms the trial court’s judgment denying the mandatory injunction and rendering judgment ordering Three Rivers Commons to remove or modify the welded-shut gate to allow access and passage in favor of the TRI owners.
For these reasons, I respectfully agree in part and dissent in part from the per curiam opinion.

. Hon. Curtis A. Calloway, retired, is serving as judge ad hoc by special appointment of the Louisiana Supreme Court.